**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHERRY BYNUM,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:10-CV-00882-RRA** |
| | } | |
| **LIBERTY LIFE ASSURANCE,** | } | |
| **COMPANY OF BOSTON and** | } | |
| **WACHOVIA BANK, NATIONAL** | } | |
| **ASSOCIATION** | } | |
| | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge.  (Doc. # 24).  Defendant has responded to Plaintiff's Objection.  (Doc. # 26). On September 27, 2011, the court heard argument from the parties regarding Plaintiff's Objection and Defendant's response thereto.

**I.    Facts**

This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., by Plaintiff to recover long-term disability ("LTD") benefits pursuant to a plan offered by her former employer, Wachovia Bank, National Association ("Wachovia").  (Doc. # 1).  Wachovia established its LTD Plan to provide long-term disability income benefits to eligible participants which was governed by the ERISA.  Liberty Life was the Claims Administrator for the Plan.  Plaintiff participated in the Plan during her employment with Wachovia. (Doc. # 1).

The Plan expressly limits the circumstances under which, and the time during which, a claimant may bring legal action to recover Plan benefits:

> 4.8 <u>Legal Proceedings</u>:
> A claimant or the claimant's authorized representative cannot start any legal action: (a) until after the exhaustion of the administrative remedies under Section 4.7; nor (b) more than one (1) year after the time proof of claim is required under the claim procedures approved by the Plan Administrator.
>
> 3.3 <u>Notice and Proof of Claim</u>
> Proof
> (1) Proof of claim must be given to the Plan Administrator, or the Claims Administrator acting as agent of the Plan Administrator, no later than 60 calendar days after the end of the Elimination Period.
>
> "Elimination Period" means a period of consecutive calendar days of Disability for which no benefit is payable. The Elimination Period is 26 weeks and begins on the first day of Disability.

(Doc. # 20-1).

Plaintiff ceased work in May 2007, and received short-term disability benefits from May 9, 2007 (her date of disability) to October 26, 2007. (Doc. # 15 ¶ 6). Plaintiff's proof of claim was due by January 6, 2008, a date which was sixty days after the end of the 26-week "Elimination Period" (*i.e.*, May 9, 2007– November 7, 2007). Plaintiff's claim for LTD benefits was initially denied on January 9, 2008. (Doc. # 15 ¶ 6). Following two separate administrative appeals, the decision to deny Plaintiff's claim was upheld by letter dated January 23, 2009. This last letter, addressed to Plaintiff's former counsel, concluded:

> There are no further appeals available under the plan from this decision. We are required by federal law to inform you that you may have a right to bring a civil action in federal court in accordance with ERISA Section 502(a) and to obtain a copy of the file regarding this matter.

(Doc. # 20-2).  Because the administrative appeals on Plaintiff's claim were not ultimately denied until that letter was issued, Plaintiff did not exhaust (and indeed could not have exhausted) all administrative remedies under the Plan until January 23, 2009.  Thus, at least as applied here, application of Sections 4.8 and 3.3 to Plaintiff's administrative claims placed her in a Catch 22 scenario – on the one hand, she could not file suit until she exhausted the administrative remedies provided by the Plan; but on the other, by the time her administrative appeals were decided, more than one year had passed since the time proof of claim was required under the duly approved claims procedure.

As if this alone was not a sufficient complication, Plaintiff did not initiate this lawsuit until April 7, 2010, more than a year after she received the January 23, 2009 letter finally denying her administrative appeals.  (Doc. # 1).  Consequently, Defendant moved to dismiss Plaintiff's claim arguing that Plaintiff's claim is barred by the contractual limitation provision contained in the LTD plan.  (Doc. # 20 at 1).  Plaintiff argues that the strict application of the Plan's limitations provisions resulted in the anomalous result that she could not sue until she had exhausted administrative remedies, but was not able to exhaust administrative remedies until the time to sue had passed. Plaintiff argues that the inconsistencies of these policy provisions  – at least as they apply here  – render those provisions unreasonable and thus unenforceable.  (Doc. # 22).  Plaintiff further argues that the court should not impose an alternative limitations period in that no such provision was contemplated (much less negotiated) by the parties.  Rather, Plaintiff contends that, consistent with prior precedent, the court should apply the most analogous state law limitations period.  In this case, that would be the Alabama's six year limitations period applicable to breach of contract actions. (Doc. # 22).

In response, Defendant acknowledges that Plaintiff did indeed find herself in a Catch 22. However, Defendant argues that a one-year limitation provision is reasonable, and that this situation is easily remedied by "judicially" adopting a tolling period such that the one-year policy limitations provision does not "start" until all administrative prerequisites are (or were) exhausted.  (Doc. # 20). However, as Defendant points out, even under this tolling scenario, Plaintiff's claim is still untimely because she failed to file this lawsuit within one year of the date she exhausted her administrative remedies in any event.  (Doc. # 20).

In his report and recommendation, the Magistrate Judge acknowledged this quandary and opted to follow a number of district court cases which have, under similar circumstances, applied equitable tolling provisions to extend a contractual limitations provision.  However, even applying these tolling principles, the Magistrate Judge concluded that Plaintiff's Complaint was still untimely and recommended that it be dismissed because it was not filed until over a year *after* the tolled deadline had run.  (Doc. # 23 at 8).

## II.    Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'"  *Jeffrey S. by Ernest S. v. State Board of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R.Rep. No. 94–1609, 94th Cong., 2nd Sess. (1976)).

4

### III.    Analysis

When it enacted ERISA, Congress did not include in the statute a specific limitations period. Accordingly, in ERISA cases, courts either borrow a closely analogous state limitations period or they apply a contractually agreed upon period, *provided it is reasonable.  Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998).  A court must "consider whether the limitations period is unreasonable and/or unconscionable in light of the facts and circumstances of [the particular] case." *Bennett v. Metropolitan Life Ins. Co.*, 383 Fed.Appx. 870, 872 (11th Cir. 2010).  If a contractual limitations period is unreasonable or unconscionable, the court will apply the most analogous state limitations period.  *Northlake Reg'l Med. Ctr.*, 160 F.3d at 1303.  *Accord Kason Indus., Inc. v. Component Hardware Group. Inc.*, 120 F.3d 1199, 1203 (11th Cir. 1997) (Eleventh Circuit applying the closest analogous state law limitations period to the Lanham Act, which does not contain a statute of limitations); *cf. Wang Lab. v. Kagan*, 990 F.2d 1126, 1128 (9th Cir. 1993) ("limitations period in an insurance contract is generally enforced under federal law unless it is unreasonable or fundamentally unfair").

In the absence of guidance on this issue from the Eleventh Circuit, the Magistrate Judge followed a line of four district courts in this Circuit which adopted the idea that, in circumstances facially similar to this, ERISA plan limitations periods, if otherwise reasonable, should be equitably tolled until administrative prerequisites are satisfied.  *See, Amos v. Hartford Life and Acc. Ins. Co.*, 2009 WL 1804989, *2 (N.D. Ala. 2009); *Fetterhoff v. Liberty Life Assur. Co.*, 2007 WL 1589539, *2 (S.D. Ala. May 31, 2007); *Rozier v. Aetna Life Ins. Co.*, 2007 WL 891514, *4 (M.D. Ga. Mar. 21, 2007);  *Wexler v. Wex-Tex Mfg. Corp.'s Pension Plan & Trust Agreement*, 992 F. Supp. 1313, 1316 (M.D. Ala. 1997).

5

In the absence of Eleventh Circuit authority,[1] the court respectfully finds, contrary to the decisions listed above, that the better approach is *not* to wholesale incorporate a tolling provision that the parties never bargained for (or for that matter – at least on this record – ever discussed or even contemplated). The court's decision is anchored by both maxims of contract construction and an examination of tolling principles.

First, it is black-letter law that ambiguities in contracts are generally construed *against* the drafter of the contract. *Restatement (Second) of Contracts* § 206 (1981); *Billings v. UNUM Life Ins. Co. of America*, 459 F.3d 1088, 1095 (11th Cir. 2006) ("It is well-established in this circuit, ... , that once we conclude an ERISA-governed plan is ambiguous, we apply the doctrine of *contra proferentem* to resolve the ambiguities ... ."); *Lee v. Blue Cross/Blue Shield of Ala.*, 10 F.3d 1547, 1551 (11th Cir. 1994) ("we hold that application of the rule of *contra proferentem* is appropriate in resolving ambiguities in insurance contact regulated by ERISA."). In this case, Defendant was solely responsible for drafting (or at the very least adopting) the plan provision at issue. Therefore, to the extent that any provision of the plan is ambiguous (whether on its face or as applied to the circumstances here), that provision should be construed *against* Defendant. To allow the modification to the Plan that Defendant seeks is simply inconsistent with that directive, particularly when Eleventh Circuit precedent provides that, where a plan has no reasonable limitations period, the most analogous state law limitations provision should be employed. *Northlake Reg'l Med. Ctr.*, 160 F.3d at 1303.

---

[1]Although *Amos* was affirmed, *Amos v. Hartford Life and Acc. Ins. Co.*, 362 Fed.Appx. 48, 49 (11th Cir. 2010), the Eleventh Circuit's decision is unpublished.

Second, the record gives no indication at all that the parties ever discussed – or even contemplated – that a tolling provision may be applicable to the contractual limitations period. Obviously, the circumstances of this case (and this is consistent with virtually all ERISA plan disputes) is such that the policy is drafted by the insurer and is not subject to a "counter-proposal." That is, the Plan is simply presented to the insured in a "take it or leave it" offer.  So it is not at all surprising that here the parties never discussed a tolling provision.  What strikes the court in particular here, however, is that there is nothing in the record to suggest that Defendant ever contemplated that a tolling provision may apply in events such as this (even putting aside its sloppy draftsmanship).  The bottom line is this:  adoption of a tolling provision here would amount to more of a magic trick in character with Houdini than a faithful interpretation of the Policy's language as by Holmes.

Third, courts have typically allowed equitable tolling "only sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).  Here, contrary to the usual positions of parties, it is Defendant (not Plaintiff) who seeks application of the doctrine.  Equitable tolling has been allowed in situations where the party seeking the application of equitable tolling has acted diligently and in good faith.  *Irwin*, 498 U.S. at 96.  However, courts "have generally been much less forgiving [with regard to the application of equitable tolling] where the claimant failed to exercise due diligence ... ."  *Irwin*, 498 U.S. at 96 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984).  More specifically, equitable tolling has been denied to those parties guilty of unclean hands or even excusable neglect.  *Justice*, 6 F.3d at 1479-80; *Irwin*, 498 U.S. at 96.  Here, it is not Plaintiff who seeks the application of the equitable tolling doctrine, but rather Defendant.  And although pressing the application of the

doctrine, Defendant does not come to this court seeking equity with clean hands.  It was Defendant who drafted and adopted a contract with an ambiguous and unreasonable limitations provision which, as applied here, operates to deprive a claimant of the ability to vindicate her rights.  At worse, Defendant's adoption and application of these policy provisions is properly characterized as "unclean hands," and at best it is neglectful.  Defendant's unclean hands and/or neglect in this regard is a sufficient basis to deny the application of equitable tolling principles to its benefit and Plaintiff's detriment. *Justice*, 6 F.3d at 1479-80; *Irwin*, 498 U.S. at 96.

Under the facts of this case, the limitations provision at issue is unreasonable because, under the terms of the policy, it was impossible for Plaintiff to have timely filed a complaint challenging the denial of LTD benefits without violating the exhaustion requirement of the policy.  Because the limitation provision was unreasonable, the court must borrow a closely analogous state limitations period. *See Northlake Reg'l Med. Ctr.*, 160 F.3d at 1303; *Bennett*, 383 Fed.Appx. at 872.  The most closely analogous state law limitations period is the limitations period applicable to a breach of contract action, which in Alabama is six years.  Alabama Code 1975, § 6-2-34.  Under the properly applied limitations period, Plaintiff's claim is timely and Defendant's motion to dismiss (Doc # 20) is due to be denied.

## IV.    Conclusion

For the foregoing reasons, the court finds that Plaintiff's objection should be sustained, and Defendant's Motion to Dismiss should have been denied.

**DONE** and **ORDERED** this _____16th_____ day of November, 2011

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE